## J. J. JOHNSON, ET AL. *v.* N. HARRISON, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—591.]

**Setting Aside Fraudulent Conveyance.**

A conveyance by an insolvent sister to her brother of all her real estate without consideration is fraudulent and void as to creditors, and may at their suit be set aside.

### APPEAL FROM DAVIESS CIRCUIT COURT.

February 7, 1885.

OPINION BY JUDGE LEWIS:

Appellee brought this action against appellants Johnson, Sallie Withers and W. H. Clements. In his petition he states that Sallie Withers in 1875 instituted an action against Clements and obtained an injunction staying proceedings on a judgment he had recovered against her, and that he, appellee, became her surety in the injunction bond, upon which Clements afterwards recovered judgment against him.

It is further alleged that the judgment which Clements originally

recovered against Sallie Withers as well as the one recovered against him is in full force and unsatisfied. That on the 18th of December, 1876, an execution was issued on the judgment against her and was returned "no property found."

He states that on December 11, 1875, Sallie Withers conveyed to appellant Johnson certain described real property belonging to her, for the recited consideration of $450 paid. But that in fact defendant paid to her no part of the consideration stated, and the conveyance was fraudulent and made to delay, hinder and cheat her creditors, which fraudulent purpose apellant knew and participated in.

It is further stated substantially that after that conveyance Sallie Withers was insolvent and had no property subject to execution.

The plaintiff in the action therefore prays that the deed to Johnson be adjudged fraudulent and set aside and the property mentioned subjected to the satisfaction of the debt of Clements in which the plaintiff is security.

There is no question of the right of the plaintiff to maintain this action upon the facts stated, Clements, the creditor being a party.

The only question then is whether the judgment appealed from was authorized by the evidence. The plaintiff in the action testifies as a witness that Sallie Withers informed him that she made the conveyance to Johnson, who is her brother, to keep from paying the debt of Clements; that she had $400 with which to pay off fines that had been imposed upon her, and intended to give the money to her brother with which to pay off the fines.

The evidence of both Johnson and his sister is that he paid the price stated in the deed for the land and the money was applied to the payment of the fines. That the money was his own and not hers with which the fines were paid.

When the circumstances of the transaction and the situation and relation of the parties are considered we are of the opinion the preponderance of the evidence is that the deed was without consideration and made for the fraudulent purpose of delaying, hindering and cheating her creditors.

While it is not demonstrated that Johnson was unable to raise the money he claims to have paid for the land it does appear that his pecuniary condition was not such as to enable him to support his own family and to advance the money and leave his sister in the full possession and enjoyment of the lots of land upon which

were two houses, for two or three years without the payment of any rent. At the time the deed was made he was a farmer and resided about seventy miles from Owensboro where the property is situated, and no sufficient reason appears for an investment in unproductive property at that distance from his residence. As another badge of fraud the property was sold for greatly less than its value.

Judgment *affirmed*.

*Owen & Ellis, for appellants.*

*Little & Slack, for appellees.*